FILED
2011 Nov-18 AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| HUBBARD A. MOORE *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 02-PWG-1338-S |
| ) | |
| SPRINT COMMUNICATIONS ) | |
| COMPANY *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |
| HUBBARD A. MOORE *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 02-PWG-1447-S |
| ) | |
| WILLIAMS COMMUNICATIONS, L.L.C., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON PLAINTIFFS' MOTION FOR AWARD OF ATTORNEY'S FEES AND EXPENSES TO SETTLEMENT CLASS COUNSEL AND INCENTIVE COMPENSATION TO CLASS REPRESENTATIVES

Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiffs in this class action have moved for an award of attorney's fees and expenses to Settlement Class Counsel. Under Rule 23(h)(3), the Court must make findings of fact and state its conclusions of law. The Court does so, as follows, in granting the motion:

## Findings of Fact

1.      This class-action settlement resolves a property-rights dispute, which arises out of the installation of fiber-optic cable on railroad rights of way by the Settling Defendants — Sprint Communications Company L.P. ("Sprint"), Qwest Communications Company, LLC, f/k/a Qwest Communications Corporation ("Qwest"), and Williams Communications, LLC, f/k/a Williams Communications, Inc., f/k/a Vyvx, Inc., and Wiltel Communications, LLC (collectively "WilTel")  The claims resolved by the Settlement affect parcels of land in Alabama covering 530 miles of rights of way throughout the state.

2.      The case was originally filed on April 26, 2002 in Shelby County Alabama.  After a motion for removal and subsequent order denying all motions for remand, WilTel filed a Notice of Injunction on August 7, 2003, which stayed the instant case until the injunction was vacated on January 21, 2005.  The parties then engaged in written discovery which included interrogatories, requests for production and requests for admissions.  Hubbard Moore's deposition was conducted on March 13, 2006.  The First Amended Complaint was filed February 10, 2011, the Second Amended Complaint was filed March 21, 2011, and the Third Amended Complaint was filed March 22, 2011.

3.      On May 17, 2011, the Court entered an order preliminarily approving the settlement, certifying the settlement class, and approving the form and manner of notice.  (Document No. 103.)  On November 17, 2011, the Court held a final Fairness Hearing.

4.      The Settlement Agreement provides in pertinent part:  "Settlement Class Counsel may seek from the Court a cash award of fees and expenses from the Settling Defendants, in an amount not to exceed the Maximum Attorneys' Fee Award, to which the Settling Defendants will not object."  Settlement Agreement § II.E.1.  The Settlement Agreement defines the

Maximum Attorneys' Fee Award as $730,000.  Settlement Agreement at 5 (definitions).  The Settlement Agreement further provides that "the Settling Defendants shall deposit any attorneys' fee award approved by the Court, which shall not exceed the Maximum Attorneys' Fee Award, into the interest-bearing escrow account established with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final."  Settlement Agreement § II.E.2.  The escrow account established with U.S. Bank is a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B.

5.      All but two Settlement Class Counsel and Plaintiffs' Counsel in Other Pending Cases, *see* Settlement Agreement at 6, have entered into an agreement to mediate, and if necessary, arbitrate the division of the fee-and-expense award.  Under the mediation-arbitration agreement, the participants in the mediation-arbitration, or the arbitrators, shall inform the Court of the final fee-and-expense allocation, and the participants in the mediation-arbitration will jointly move the Court to adopt it.

6.      Settlement Class Counsel estimate that a minimum of $2.1 million in cash benefits are available for class members to claim.  Administrative costs — to be paid separately by the Settling Defendants — in creating and updating a sophisticated database to notify class members, implement the Settlement, and process claims, are estimated at an additional $371,000.  The agreed-to attorney's fees and non-taxable costs of approximately $730,000 — which will not reduce benefits payable to class members — bring the total gross value of the Settlement to roughly $3.2 million.

7.      On June 15, 2011 the claims administrator mailed notices to 5,167 property owners along railroad rights of way in Alabama containing telecommunications facilities installed by the

3

Settling Defendants, and opened a settlement call center and website. The notice, which was posted on the website, advised in pertinent part:

> The Court will decide how much Class Counsel and any other lawyers will be paid. Class Counsel will ask the Court for attorneys' fees, costs and expenses of $730,000. . . . The Defendants will separately pay these fees and expenses and the payment will not reduce the benefits available for the Class.

Notice at 9. The Notice further advised that the Court would hold a Fairness Hearing at 10:00 a.m. on November 17, 2011, at which time the Court would "consider how much to pay Class Counsel." *Id*. at 10.

8.  Following publication of the class notice, no class members objected to the proposed award of attorneys' fees and expenses. (*See* Declaration of Robert V. Mitchell of Rust Consulting, Inc. ¶ 13.) No class members appeared at the Fairness Hearing to object to the proposed award.

## Conclusions of Law

9.  Rule 23(h)(1) provides that, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be directed to class members in a reasonable manner and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) and (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought."

10. Notice of this fee-award motion in satisfaction of Rule 23(h)(1) was provided in the class notice and on the website.

4

11.     "In the Eleventh Circuit the method for determining a fair and reasonable attorney fee in a class action common fund case is the "reasonable percentage of the fund" approach. *Camden I v. Dunkle* 946 F.2d 768, 774 (11th Cir.1991). Under that approach, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorney's fees and expenses, and the expenses of administration. *See Boeing v. Gemert*, 444 U.S. 472, 479 (1980) ("Although the full value of the benefit to each absentee member cannot be determined until he presents his claim, a fee awarded against the entire judgment fund will shift the costs of litigation to each absentee in the exact proportion that the value of his claim bears to the total recovery.") (citation omitted).

12.     The Court adopts the percentage-of-the-fund approach, and finds that, under it, the agreed-to attorney's-fee request is reasonable as a matter of law. Here, Settlement Class Counsel estimate that, based on the miles of rights of way covered by the Settlement, if each class member were to claim the available cash benefits, approximately $2.1 million would be paid to qualifying class members. When the estimated administrative costs of $371,000 — to be borne by the Settling Defendants — and the agreed-to attorneys' fees and expenses of $730,000 — also to be paid separately by the Settling Defendants — are factored in, the gross value of the Settlements is approximately $3.2 million.

13.     The $730,000 fee-and-expense award therefore represents 23 percent of the fund as a whole. A 23-percent fee-and-expense award is well within the range of reasonable percentage-fee awards in this Circuit. In the Eleventh Circuit, "[t]he majority of common fund fee awards fall between 20% to 30% of the fund." *Camden I*, 946 F.2d at 774. Most district courts "view the median of this 20% to 30% range, i.e., 25%, as a 'bench mark' percentage fee award which

may be adjusted in accordance with the individual circumstances of each case." *Id.* at 775. Thus, the 23-precent award sought here is *below* the 25-percent benchmark.

14. The 23-percent fee-and-expense award is especially reasonable here, where, in reaching the Settlement Agreement, Settlement Class Counsel engaged in lengthy and hard-fought litigation, and lengthy and hard-bargained negotiations under the auspices of a nationally recognized mediator.

15. Furthermore, as with the Settlement, there were no objections to the proposed fee-and-expense award. "[W]hether there are any substantial objections by class members or other parties to . . . the fees requested by counsel" is a factor for the Court's consideration. *Camden I*, 946 F.2d at 975. Here, the Court-approved notice stated that, at the conclusion of the fairness hearing, counsel would seek a fee-and-expense award up to $730,000. The notice also informed class members of their ability to object to the fee request. No class member objected to it.

**WHEREFORE** it is **ORDERED** that the motion for an award of attorney's fees and expenses to Settlement Class Counsel is **GRANTED**.

It is further **ORDERED** that the Court approves a fee-and-expense award of $730,000 to Settlement Class Counsel,

It is further **ORDERED** that the Settling Defendants shall deposit the fee-and-expense award approved by the Court into the interest-bearing escrow account — established as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B and as a trust under state law — with U.S. Bank in New York, New York, no later than ten (10) days after the date on which the Order and Judgment becomes Final, that any alleged or actual civil liability against each Defendant for attorneys' fees arising out of the tort claims resolved by the Alabama Class Settlement Agreement approved by this Court is satisfied and extinguished through the

Defendant's payment of its proportionate share of the fee-and-expense award, and that **a**ny interest earned on the escrow account shall be recognized as gross income of the Qualified Settlement Fund;

It is further **ORDERED** that appointment of the Garretson Firm Resolution Group, Inc. ("GFRG") as the Fund Administrator for the escrow account is hereby confirmed and that the escrow account shall be governed by the Escrow Agreement entered into as of August 26, 2011 between certain Settlement Class Counsel, U.S. Bank, and GFRG, and

It is further **ORDERED** that the escrow agent for the aforementioned escrow account shall distribute the fee-and-expense award to counsel only pursuant to written direction by GFRG following its receipt of an order of this Court, upon motion to adopt the allocation reached in the mediation-arbitration.

Done this the 18th day of November, 2011.

_____
PAUL W. GREENE
CHIEF, U.S. MAGISTRATE JUDGE